# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### CHARLES EDWARD GRAHAM aka CHARLES EDWARD STEVENSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
No. 100073     Mary Beth Leibowitz, Judge

**No. E2012-02063-CCA-R3-CO - Filed September 20, 2013**

The pro se petitioner, Charles Edward Graham aka Charles Edward Stevenson, appeals as of right from the Knox County Criminal Court's order denying his petition for writ of error coram nobis alleging that newly discovered evidence concerning the judicial misconduct of a trial judge affected the outcome of his 2005 jury trial and 2010 post-conviction evidentiary hearing. The State has filed a motion to affirm the trial court's order pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Charles Edward Graham aka Charles Edward Stevenson, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In July 2005, a Knox County Criminal Court jury convicted the petitioner of reckless aggravated assault, tampering with evidence, possession of marijuana, and failure to provide proof of financial responsibility. The trial court sentenced the petitioner to a total effective sentence of 27 years' incarceration as a career offender. On direct appeal, this court affirmed the petitioner's convictions. *State v. Charles Edward Graham*, No. E2005-02937-

CCA-R3-CD (Tenn. Crim. App., at Knoxville, Jan. 24, 2008), *perm. app. denied* (Tenn. Sept. 15, 2008).

The petitioner then filed a timely petition for post-conviction relief alleging that his convictions resulted from the ineffective assistance of counsel. Following an evidentiary hearing, the post-conviction court denied relief. This court affirmed the denial on direct appeal. *Charles Edward Graham v. State*, E2010-02379-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Feb. 3, 2012), *perm. app. denied* (Tenn. May 21, 2012).

On August 13, 2012, the petitioner filed a petition for writ of error coram nobis alleging as newly discovered evidence the judicial misconduct and incompetency of the judge who presided over the petitioner's trial and post-conviction proceedings. The coram nobis court found that the petitioner failed to present any evidence that the trial judge was impaired at the time of the petitioner's 2005 trial and denied relief. The coram nobis court also found that the petition was untimely and that the petitioner failed to allege a basis for tolling the one-year statute of limitation.

The petitioner filed a timely notice of appeal to this court. On appeal, the petitioner argues that the trial judge was impaired during the 2005 trial and 2010 post-conviction evidentiary hearing and that the trial court imposed harsher sentences "to curry favor" from law enforcement and the district attorney general's office. The State contends that the coram nobis court's denial of relief should be affirmed via memorandum opinion. *See* Tenn. Ct. Crim. App. R. 20.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Coram nobis relief is provided for in criminal cases by statute:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence *relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.*

T.C.A. § 40-26-105(b) (2006) (emphasis added); *see State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "'whether a reasonable basis exists for

concluding that had the evidence been presented at trial, the result of the proceedings might have been different'") (citation omitted). The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *Vasques*, 221 S.W.3d at 527-28.

In the petition for writ of error coram nobis, the petitioner makes a general factual allegation that the judicial misconduct emanating from the trial judge's"excessive abuse of alcohol and prescription painkillers" from 2007 to the judge's resignation in March 2011 affected the outcome of both his trial and post-conviction proceedings. We agree with the coram nobis court's finding that the petitioner failed to state any claim concerning the trial judge's incompetency affecting the trial in 2005. In analyzing a similar coram nobis claim concerning the same judge, this court concluded that the petitioner's "grievances with [the trial judge] do not relate to matters that were litigated at trial. . . . Such claims are not cognizable in coram nobis proceedings." *Billy Ray Irick v. State*, No. E2012-01326-CCA-R3-PD (Tenn. Crim. App., at Knoxville, Mar. 18, 2013).

To the extent that the petitioner alleges that the same judge's incompetency to preside over the 2010 post-conviction action as a claim for coram nobis relief, this argument also must fail because it in no way casts doubt upon the petitioner's 2005 conviction. *Vasques*, 221 S.W.3d at 526 (holding that "the standard to be applied is whether the new evidence, if presented to the jury, may have resulted in a different outcome"). In consequence, the claim is not justiciable in a coram nobis petition.

Accordingly, we affirm the judgment of the Knox County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE